Andrew G. Deiss, USB #7184
David Ferguson, USB #16043
Deiss Law, PC
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
Telephone: 801-433-0226
deiss@deisslaw.com
dferguson@deisslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION, SALT LAKE CITY, UTAH

| | |
|---|---|
| CLAY JAMES CARTER,<br>    Plaintiff,<br><br>v.<br><br>TRAVIS MARVIN KENISON, in his individual capacity, ZERA AUGUSTUS "Gus" ROWLEY, in his individual capacity, CHASE NATHAN OLIVER, in his individual capacity, John Does I – V,<br>    Defendants. | **Complaint**<br>**42 USCS § 1983**<br><br>Case No. 2:23-cv-233<br><br>Judge _____ |

Plaintiff Clay James Carter, through counsel and pursuant to 42 USCS § 1983, complains against Defendants Travis Marvin Kenison, Zera Augustus "Gus" Rowley, Chase Nathan Oliver, and John Does I – V as follows:

### Introduction

This is a civil action arising from the unlawful arrest of Clay Carter on or about September 30, 2022. Defendants, Deputies of the Juab County Sheriff's Office, arrested Mr. Carter without probable cause and used unreasonable and unnecessary force during the arrest,

1

causing injuries.  Defendants are sued for violations of Mr. Carter's rights under the United States Constitution.

## Jurisdiction

1. This Action is brought under 42 U.S.C. § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

2. Section 1983 allows a defendant to be found liable when they have acted "under color of any statute, ordinance, regulation, custom, or usage of the any State or Territory or the District of Columbia."

3. This Court has jurisdiction to hear the federal rights violations in this matter under 28 USC § 1343(a)(3) – (4) and 28 USC § 1331, and supplemental jurisdiction to hear the common law claims under 28 U.S.C. 1367.

## Venue

4. Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to this action occurred in Juab County, State of Utah.

## Parties

5. Plaintiff at all relevant times has been a citizen and resident of the state of Utah.

6. At all times relevant to the Complaint, Defendant Zera Augustus "Gus" Rowley was a duly sworn and licensed police officer and was employed as a deputy for the Juab County Sheriff's Office and was acting under the color of state law and within the scope of his employment.  He is sued in his individual capacity.

7. At all times relevant to the Complaint, Defendant Travis Marvin Kenison was a duly sworn and licensed police officer and was employed as a deputy for the Juab County Sheriff's

Office and was acting under the color of state law and within the scope of his employment. He is sued in his individual capacity.

8. At all times relevant to the Complaint, Defendant Chase Nathan Oliver was a duly sworn and licensed police officer and was employed as a deputy for the Juab County Sheriff's Office and was acting under the color of state law and within the scope of his employment. He is sued in his individual capacity.

9. John Does I – V are officers and employees of the Juab County Sheriff's Office who assisted Defendants and who, on information and belief, contributed to Mr. Carter's damages.

**General Allegations**

10. All previous paragraphs are incorporated here by reference.

11. On September 30, 2022, Mr. Carter was attending a local rodeo with friends in Nephi Utah.

12. While at the rodeo, he saw Brady Taylor, the husband of the local victim advocate Amy Taylor, standing, talking on a cell phone, and motioning in the direction of Mr. Carter.

13. After a few minutes, Deputies Rowley, Kenison, and Oliver arrived and ordered Mr. Carter to accompany them.

14. Deputies Rowley, Kenison, and Oliver directed Mr. Carter from the rodeo stands.

15. Once outside the rodeo stands, one of the deputies struck Mr. Carter from behind.

16. Mr. Carter asked why the deputy had done that and was told that he was being arrested for being belligerent.

17. Deputies Rowley, Kenison, and Oliver then slammed Mr. Carter against a food truck.

18. Deputy Rowley, using his knee, struck Mr. Carter in the knee.

19. Deputies Kenison and Oliver twisted Mr. Carter's arm.

20. Mr. Carter informed the deputies that he had an injury to his knee and wrist; however, Deputy Rowley repeatedly struck Mr. Carter's knee again, and Deputies Kenison and Oliver continued to twist Mr. Carter's arm.

21. During this altercation Deputy Rowley did not attempt to stop Deputies Kenison and Oliver from twisting Mr. Carter's arm.

22. During this altercation Deputies Kension and Oliver did not attempt to stop Deputy Rowley from striking Mr. Carter's knee.

23. Deputies Rowley, Kenison, and Oliver then placed Mr. Carter in handcuffs and took Mr. Carter to the local jail, where they questioned him but did not book him.

24. Deputies Rowley, Kenison, and Oliver did not have an arrest warrant for Mr. Carter.

25. Eventually Deputies Rowley, Kenison, and Oliver took Mr. Carter back to the rodeo and dropped him off far from the rodeo stands.

26. Mr. Carter requested that they drop him off nearer the stands, but the officers informed him that they would not because they did not want to be seen dropping him back off.

27. During the arrest, Deputy Rowley injured Mr. Carter's knee, and Deputies Kenison and Oliver injured Mr. Carter's wrist.

28. Mr. Carter experienced pain and swelling in his knee and his wrist. Mr. Carter's wrist was broken during the arrest.

29. Mr. Carter has had surgeries on both his knee and his wrist and will very likely require additional surgeries.

30. Defendants are persons for purposes of 42 U.S.C. § 1983.

31. At all times relevant to this action, Deputies Rowley, Kenison, and Oliver were acting under the color of state law in their capacity as Juab County Deputy Sheriffs.

32. Mr. Carter had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure in his person and property against unreasonable seizure.

33. At all times relevant to this claim, it was clearly established that law enforcement cannot arrest without probable cause; use excessive force in making arrest, *Graham v. Connor*, 490 U.S. 389, 396 (1989); or fail to intervene *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008) ("It is 'clearly established' that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.").

**First Cause of Action: Unlawful Arrest in Violation of Fourth Amendment**

34. All previous paragraphs are incorporated here by reference.

35. The Fourth Amendment of the United States Constitution governs all searches and seizures conducted by government agents.

36. The amendment requires probable cause to make an arrest.

37. For the seizure of a person, the Fourth Amendment applies to government actions that terminate freedom of movement through means intentionally applied. Seizure of a person occurs when a reasonable person, under an objective standard, would not feel free to leave, decline the officers' requests, or otherwise terminate the encounter.

38. Deputies Rowley, Kenison, and Oliver's actions, as described herein, were taken intentionally, maliciously, willfully, wantonly, and in reckless disregard of Mr. Carter's federally protected rights.

39. Deputies Rowley, Kenison, and Oliver arrested Mr. Carter without a warrant and without probable cause.

40. Deputies Rowley, Kenison, and Oliver's actions deprived Mr. Carter of his constitutional rights and caused him other damages.

41. On information and belief, John Does I – V aided and abetted as well as independently cause the same violation of right that Deputies Rowley, Kenison, and Oliver caused.

42. As a proximate result of Defendants unlawful conduct, Mr. Carter has suffered actual physical and emotional injuries in amounts to be determined at trial. These injuries include, but are not limited to, loss of constitutional, federal, and state rights and physical injury.

### Second Cause of Action: Excessive Force in Violation of Fourth Amendment

43. All previous paragraphs are incorporated here by reference.

44. The Fourth Amendment of the United States Constitution governs all searches and seizures conducted by government agents.

45. The amendment requires law enforcement officers not to use more force than the amount of force necessary under the circumstances to make an arrest.

46. Deputies Rowley, Kenison, and Oliver used force against Mr. Carter during the course of the unlawful arrest.

47. The force was intentional and in excess of what was reasonable given the claimed reasons for using force and also because the force was used in connection with an unlawful arrest.

48. Deputies Rowley, Kenison, and Oliver's actions, as described herein, were taken intentionally, maliciously, willfully, wantonly, and in reckless disregard of Mr. Carter's federally protected rights.

49. Deputies Rowley, Kenison, and Oliver's actions deprived Mr. Carter of his constitutional rights and caused him other damages.

50. On information and belief, John Does I – V aided and abetted as well as independently caused the same violation of right that Deputies Rowley, Kenison, and Oliver caused.

51. As a proximate result of Defendants unlawful conduct, Mr. Carter has suffered actual physical and emotional injuries in amounts to be determined at trial.  These injuries include, but are not limited to, loss of constitutional, federal, and state rights and physical injury.

52. Due to the excessive force Mr. Carter suffered damages at an amount to be proven at trial.

### Third Cause of Action: Failure to Intervene to Prevent Excessive Force in Violation of Fourth Amendment

53. Alll previous paragraphs are incorporated here by reference.

54. The Fourth Amendment of the United States Constitution governs all searches and seizures conducted by government agents.

55. The amendment requires law enforcement to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

56. Deputies Kenison and Oliver observed and had reason to know that Deputy Rowley was using excessive force when Deputy Rowley struck Mr. Carter's Knee.

57. Deputies Kenison and Oliver had had sufficient time and ability to intervene to prevent the harm from occurring.

58. Deputies Kenison and Oliver failed to intervene to prevent Deputy Rowley's use of excessive force.

59. Deputy Rowley observed and had reason to know that Deputies Oliver and Kenison were using excessive force when Deputies Oliver and Kenison twisted Mr. Carter's arm.

60. Deputiy Rowley had sufficient time and ability to intervene to prevent the harm from occurring.

61. Deputy Rowley failed to intervene to prevent Deputies Oliver and Kenison's use of excessive force.

62. On information and belief, John Does I – V aided and abetted as well as independently caused the same violation of right that Deputies [names] caused.

63. Deputies Rowley, Kenison, and Oliver's actions, as described herein, were taken intentionally, maliciously, willfully, wantonly, and in reckless disregard of Mr. Carter's federally protected rights.

64. Deputies Rowley, Kenison, and Oliver's actions deprived Mr. Carter of his constitutional rights and caused him other damages.

65. On information and belief, John Does I – V aided and abetted as well as independently caused the same violation of right that Deputies Rowley, Kenison, and Oliver caused.

66. As a proximate result of Defendants unlawful conduct, Mr. Carter has suffered actual physical and emotional injuries in amounts to be determined at trial.  These injuries include, but are not limited to, loss of constitutional, federal, and state rights and physical injury.

## Demand for Jury Trial

Plaintiff requests a trial by jury on all matters so determinable.

## Request for Relief

Wherefore, Plaintiff requests the following relief:

a. For judgment against Defendants including damages, actual, non-economic, and punitive, and for pre-judgment interest.

b. For an award of reasonable costs of suit and attorneys' fees as allowed by the rules of court and statute.

c.  For such other relief as the Court deems just. Mr. Carter requests an award of general and special damages for injuries sustained including but not limited to damages for pain and suffering, cost of treatment, and lost earnings.

Dated April 11, 2023.

DEISS LAW, P.C.

*/s/ David Ferguson*
Andrew G. Deiss
David Ferguson

*Attorneys for Plaintiff*